OPINION of the Court, by
Ch. J. Edwards.
— Al-corn, a county creditor, moved the county court of Wayne for a judgment against Simms, the late sheriff of the county, for a sum of money which had been appropriated by the county court to his use, and which had been collected and not paid over by the sheriff. On the trial, “ Simms moved the court for a continuance, on the ground that Archibald Blanchit, of the county of Warren, and state of Tennessee, was a material witness for him in his defence, and that he wished the court to grant the continuance, and award him a dedimus to take the deposition of said witness ;⅛ which motion was overruled by the court, and their opinion thereon excepted to. The correctness of which opinion is the only question submitted by the assignment of error to this court.
An application to a court for the continuance of a cause is an appeal to its sound discretion ; and while, on the one hand, the court should grant the indulgence where it is necessary to the attainment of justice, on, the other hand, they should guard against its being used as an instrument of delay and injustice. Therefore, in all cases it has been an uniform rule to'require the applicant to swear to the truth of the statement on which he grounds his application ; the reason for which is, that while he shall be entitled to the interposition of the court, if he makes out a case that will justify it, he may be restrained from making out an untrue one, by the punishment to which he subjects himself by so doing. The courts of this country may not have been uniform in their practice relative to the manner of swearing; some permitting it to be done orally, others requiring a written affidavit to be filed. Without deciding whether either would not be sufficient to justify a court in-granting such motion, we have no hesitation in saying that the mode by affidavit has decidedly the preference, is better supported by precedent, is more consistent *349 with reason, convenience and policy, and ought there» fore to be required by the inferior courts. By requiring the filing of an affidavit, the business of the court is not interrupted, and their time is not lost by swearing and examining the party in court. Words are so fugitive and evanescent as to be recollected with difficulty ; a written affidavit cannot be subject to this inconvenience : it is therefore better ealculated to exhibit with precision the ca$e on which the court adjudicated, whenever that adjudication is called in question, and the case to which the applicant actually did depose, whenever it may be necessary to use the same, either for or against him : for him, it is the safest if he is innocent, because it is not so liable to be misunderstood, and cannot be altered ; and if he is guilty, for the same reasons it is the best evidence to render his guilt manifest.
. Having now shewn the necessity of an affidavit in obtaining a continuance, the next enquiry is what this affidavit should contain. In deciding on which let it be premised, that no court ought to take a view of the subject on a ground too insulated or limited by the case of the applicant only; several important principles ought at the same time to be recollected, as being entitled to equal consideration, and that the rule to be formed, while it protects the one, should not sacrifice the others without any necessity to do so. These principles are, that it is to the interest cf the commonwealth that there be an end to litigation; that an unnecessary delay of justice is a denial of justice ; that every one shall have due time allowed him to prepare for a trial, and that no one shall be precipitated into trial unprepared, when his want of preparation results from no laches of his.
To justify the court, therefore, in granting the delay, it should be shewn not to have been rendered necessary by the party’s own neglect, and the court ought to be satisfied that the continuance is essential to the justice of the case. The first branch of this rule would require that the affidavit should exhibit reasonable exertions to prepare for trial without success, or some satisfactory reason for not having made those exertions. Upon the last branch of the rule, some difficulty presents itself in deciding whether the applicant ought to state what he expects to prove by hjp witness, that the court may judge *350 ef its materiality, &c. It seems to have been the uni» f°rtn practice, where the witness lives within the bounds of the state, not to require it in the first application 3 and seeing that the practice has obtained so generally, we are not disposed to disturb it. But the rule, as thus, admitted, does not appear to be so well fortified by rea-, son as to justify us in extending it; and, in fact, the abuse, to which it is so liable by an unprincipled litigant, who may be induced to commit perjury by the impunity which the rule affords, furnishes the strongest reasons for limiting its operation. The only reason alleged for not requiring that a party shall, in such cases, state what he expects to prove by his witness is, that it would be dangerous to make him expose his. case to his adversary. This danger is very problematical. If an evil, it is of too partial a nature to justify a general rule ; the good that can result from it is greatly overbalanced by the evil that may grow out ©f it. If the testimony intended to be procured is to establish facts, it is to be presumed that in nine cases out of ten both parties would be conversant of them, and therefore the danger could not exist, or rather could not arise from the disclosure that would be contained in an affidavit. But if it is conceived to be dangerous, by affording temptations to perjury, or tampering with the witness, himself, he who would be guilty of such practices, with, equal probability, if surprised by the testimony which it is thought dangerous to disclose, would make out such a case of surprise, &c. as would entitle him to a, new trial, whereby he could then have all the opportunities he might wish to answer his purpose ; if he were not surprised by the production of the testimony, or if he knew it before, then the danger would be independen^ of the disclosure in the affidavit.
Thus, according to the rule, it not only affords temptation to those who are wicked enough to commit perjury for the purpose of answering their own ends, but those who are not so may be mistaken as to the legality or materiality of that which they suppose would be good testimony for them, whereby a cause may be arbitrarily continued, without any possibility of any good resulting from it to the one party, and unnecessarily to the great injury of the other. It may happen that if the the statement was contained in the affidavit, however *351 táaterial it might be, a continuance might be rendered unnecessary by the adverse party agreeing to admit it; as, for example, ií a defendant were sued for one hundred pounds, he might have a witness, whose attendance he could not then procure, who would prove the payment of five pounds ; by compelling him to make this statement, it would put it in the power of the plaintiff to admit the payment, rather than be delayed in the trial,; whereby such justice might be voluntarily done to the defendant as would remove every ground or reason, that rendered a continuance necessary; and for such purposes, as well as that the court might have it in their power to judge of the legality or materiality of testimony, it is thought the requisition would be reasonable, by which, while complete justice would be done to one party, injustice could not be done to the other.
Authorities require that where the witness resides out of the state, the party applying for a continuanc® shall state what he expects to prove by him.
In the present case, it does not appear that the plaintiff in error, before the county court, verified his statement of the materiality of the witness in any manner whatever ; that he either suggested or swore to any statement which he expected to be able to prove by the witness; and it appears that the witness resided in another state.-J udgment affirmed.