CASE 95.—ACTION BY JAMES E. STEGAR AGAINST THE SUN INSURANCE OFFICE.—October 16.

## Sun Ins. Office v. Stegar

Appeal from Caldwell Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1.  Trial — Adjournment — Refusal Improper. — It was improper, after plaintiff's evidence was in, to refuse defendant an adjournment, asked on account of the nonarrival of depositions which should have arrived before the trial, and were expected to and did arrive during the noon hour; defendant not having been dilatory in preparing its case.

2.  Same—Reopening Case.—The trial court having improperly refused defendant an adjornment of the trial during the noon hour on account of the nonarrival of depositions which constituted defendant's case, and which were expected to and did arrive during such hour, it was improper, on the arrival

of the depositions within five minutes after defendant's argument began, to refuse to allow the depositions to be read, where the additional time required would not have exceeded an hour.

3. Same—Discretion—Nature.—The trial court's discretion as to the admission of belated testimony is judicial, and not arbitrary.

4. Continuance—Court's Discretion—Character.—A trial court's discretion as to granting continuances is judicial, and not arbitrary.

CHAS. H. SHEILD, BERNARD FLEXNER, HODGE & HODGE and ROBT. G. GORDON for appellant.

The grounds relied on for reversal and a new trial are:

1. The court erred in refusing to grant the appellant a continuance.

2. The verdict is contrary to law and is not sustained by the evidence.

## AUTHORITIES CITED.

Civil Code, 315; Simms v. Alcorn, 1 Bibb, 348; Gaskin v. City of Georgetown, 80 S. W., 821, 26 Ky. Law Rep., 89; McClain, etc. v. Esham, 17 B. Mon., 146; Mayes v. Farrish, 11 B. Mon., 38; Breeding v. Taylor, 13 B. Mon., 478; Brown v. Bunger, 19 Ky. Law Rep., 1527 Smith's Heirs v. Dixon, et al., 3 Met. 438; Cox v. Odelesdorf, etc., 21 Ky. Law Rep., 421.

WHEELER, HUGHES & BERRY for appellee.

## POINTS AND AUTHORITIES.

1. The court will not reverse because of failure of two of the four attorneys representing appellant to attend the trial. (Forked Deer Pants Co. v. Shipley, 25 Ky. Law Rep., 2299; Dowdy v. Preston, 3 Ky. Law Rep., 76; Ison v. Ison, 10 Ky. Law Rep., 38; Cornet v. Combs, 21 Ky. Law Rep., 837; U. S. Fidelity & Guarantee Co. v. Body, 29 Ky. Law Rep., 588.)

2. Granting or refusing a continuance in discretion of trial court. (McCracken v. Church, 1 A. K. Marsh., 272.)

3. Insufficiency of affidavit for continuance. (Helfic Saw & Planing Mills Co. v. Bevrly, 17 Ky. Law Rep., 1795; Mitchell v. Bean, 13 Ky. Law Rep., 142.)

4. Not error to refuse to re-open case for further evidence after

·rial had progressed to and including argument. (Hailey v. Hickman's Heirs, 16 Ky., (Litt. Sel. Cas.) 266; Brandon v. Goulman, 1 T. B. Mon., 115; Parker v. Davis, 2 T. B. Mon., 118; Prather v. Nailor, 1 Ben. Mon., 244; Cumberland T. & T. Co. v. Weaver, 13 Ky. Law Rep., 207; Mutual Life Ins. Co. v. Thompson, 94 Ky., 253; Ballowe v. Hillman, 18 Ky. Law Rep., 677; Western Union Tel. Co. v. Parsons, 24 Ky. Law Rep., 2008.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

For convenience, we adopt the following statement of the facts of the case from the brief of appellant, as the record supports it in every substantial particular:

"This is an appeal from a judgment of the Caldwell circuit court, rendered November 15, 1907, upon the verdict of the jury in favor of appellee (plaintiff below) in the sum of $2,250, claimed under an alleged compromise of a claim of appellee under a policy of insurance of appellant. The petition in this case was filed on the 18th day of October, 1907, alleging in substance that appellee had sustained a loss by fire of property covered by a policy of insurance in appellant company, and that appellant company had agreed to compromise appellee's claim for the sum of $2,250, and praying judgment for said sum. Answer was filed on the 29th day of October, 1907, denying the allegations of the petition. On November 8, 1907, appellant gave notice that on November 12, 1907, it would take the depositions of Thomas Bates and H. N. Kelsey at the office of Mr. Bates in the city of Chicago, Ill. On the 11th day of November, 1907, an order was entered setting this case for trial on the 14th of said month, and on the 12th day of November the depositions were taken by appellant at the time and place

stated in the notice and pursuant to said notice, which had been served on the 8th day of said month. The case was called for trial on the 15th day of November, 1907, and local counsel for appellant entered a motion for a continuance, which motion was supported by affidavit. * * * The affidavit showed the materiality of the evidence embraced in the absent depositions and the diligence used in procuring same. The affidavit also showed the unavoidable absence of chief counsel for appellant and the fact that local counsel was unprepared to conduct the trial of the case, as he was not employed for that purpose. The adverse party did not admit the affidavit to be read as the evidence of the absent witnesses, but the court, nevertheless, overruled the motion for a continuance. Appellant's counsel thereupon moved the court to continue the case one day, so that chief counsel might be present, and that motion was likewise overruled. Appellant's counsel then moved the court for time to allow him to go to long-distance telephone and confer with chief counsel, which motion was also overruled, and he was forced into trial. At the conclusion of appellee's evidence, appellant's counsel moved the court to adjourn until 1 o'clock that day, in the expectation that the delayed depositions would arrive on a 12:40 train. This motion was also overruled. * * * The record shows that within five minutes after appellant's counsel began his argument the missing depositions arrived, and appellant's counsel then suspended and moved the court to allow him to read the depositions as evidence for the appellant, which motion was also overruled.

We think the court erred, under all the circumstances, in refusing the appellant an opportunity to get its evidence before the jury. It had not been at all

dilatory in preparing the case. The petition was filed on the 18th of October, and the answer on the 29th. On the 8th of November, and before the case had been set down for trial, it gave notice to take the depositions on the 12th of November in Chicago, Ill., of its only witnesses. The depositions were properly taken on the day contained in the notice, and mailed to the clerk of the court on the 13th of November, and should have reached Princeton before the day of trial, the 15th of November; but by some delay, which is not accounted for in the record, and which, perhaps, can not be accounted for, when the case was called for trial on the 15th, the depositions, which contained the only evidence which appellant had, or could have, had not arrived. Within less than one month from the time the petition was filed the issues were made up, proof taken, and the case called for trial. Certainly there can not be under these circumstances, any claim that the defendant had shown a disposition to delay the action. The affidavit which was filed for continuance showed that the depositions had been taken on the 12th and the materiality of the evidence which they contained. Passing the question as to whether or not the court should have continued the case, still it seems to us that he should have granted the short delay of one hour after plaintiff's evidence was in, which was asked by the defendant in order that, if the train from Chicago, which was due to arrive at 12:40, contained the missing depositions, they might be read in its behalf. The short time which was asked is the usual dinner hour, and many courts adjourn between 12 and 1 o'clock for dinner; and, had this been done, appellant could have introduced all its evidence, as it afterwards transpired that the 12:40 train did bring in the depositions, which were in the hands of the clerk with-

Sun Ins. Office v. Stegar.

in five minutes after appellant's counsel commenced the first argument to the jury. And here again the court might have remedied the misfortune which had befallen appellant by the delay of the mails, by sustaining its motion to permit the argument to stop and allowing the testimony of appellant to be read to the jury.

We recognize the rule that the granting of continuances and the admission of belated testimony is within the discretion of the court; but this rule is always qualified by the principle that the discretion is not an arbitrary, but a judicial, discretion, and we think, under all the circumstances of this case, the trial court abused its discretion in refusing to permit the depositions of appellant to be read to the jury after they arrived. The additional time required would not have been more than from 30 minutes to an hour, and this would have enabled appellant to have at least made a show of maintaining its defense as set up in its answer. The belated depositions are in the record before us, and they contradict the testimony of the witnesses for the plaintiff on all material points, and there can be no doubt that the defense of the appellant was left entirely unsustained by the action of the court in refusing to allow the introduction of the depositions of the only witnesses who knew anything of its side of the case. In Simms v. Alcorn, 1 Bibb 348, the court said: "An application to a court for the continuance of the case is an appeal to its sound discretion; and while on the one hand, the court should grant the indulgence where it is necessary to the attainment of justice, on the other hand, they should guard against its being used as an instrument of delay and injustice." And in Gaskin v. City of Georgetown, 118 Ky. 251, 26 Ky. Law Rep. 89, 80 S. W. 821, we said :

"Trial courts are allowed a broad discretion in the matter of granting or refusing continuances, which should be exercised in any given case according to the facts and circumstances thereof; but when there is an abuse of such discretion, operating to the prejudice of the substantial rights of the party applying for the continuance, it constitutes an error which may be corrected upon appeal by the court of revisory power."

The conclusion we have reached, as above set forth, renders it unnecessary to discuss any of the other errors urged by appellant, as a new trial will afford an ample remedy for them all.

For the reasons herein expressed, the judgment is reversed for a new trial.